UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JOSHUA TAPER, | : | Case No. 1:24-cv-159 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| JON TABOR, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI), has filed a *pro se* Complaint, along with exhibits. (Docs. 1-2; 1-4; 1-5; 1-6).[1] In the Complaint, Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution and Ohio state law[2] against seventeen LeCI and/or Ohio Department of Rehabilitation and Correction (ODRC) officials in their individual and official capacities.[3] By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This case is currently before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous,

---

[1] Plaintiff's Complaint has been filed with a duplicate copy of several pages of the Complaint. For clarity in the docket, the **Clerk of Court** is **DIRECTED** to separate the duplicate pages (Doc. 1-2 at 21–32) and file them as Doc. 1-8, titled "Duplicate Pages of Complaint."
[2] The Court understands Plaintiff's constitutional claims to be brought under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).
[3] Plaintiff names the following individuals as Defendants: ODRC officials Chris Lambert and Vencot Brown; LeCI officials Jon Tabor, Tad Palmer, Johnny Nance, Prince Adomako, Diane Payne, Amber Stanley, Brian Holley, Tammy Shelton, Veronica Jackson, Aaron Ertel, Penelope Harless, Billy Turner, Lora Justice, Karen Stanforth, and Ron Watts. The **CLERK OF COURT** is **DIRECTED** to update the docket in this case to add Vencot Brown as a named Defendant. (*See* Doc. 1-2 at 17).

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B). Also before the Court are Plaintiff's Motions to Amend Exhibits (Doc. 2) and for a Preliminary Injunction (Doc. 3).

## I. Screening of the Complaint

### A. Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). But by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B. **Allegations**

In his Complaint, Plaintiff alleges violations of his constitutional rights against LeCI and/or ODRC officials. (*See generally* Doc. 1-2). Liberally construing Plaintiff's allegations,

3

*see Erickson*, 551 U.S. at 94, the Complaint can be divided into the following fifteen claims. The claims are separated into subclaims as needed for clarification.

1. The first group of claims involves the following subclaims:

    a. Claims that Defendant LeCI Investigator Jon Tabor threatened and intimidated Plaintiff. (Doc. 1-2 at 9).

    b. Claims that Tabor does not allow Plaintiff "to file PREA [Prison Rape Elimination Act]," allows Plaintiff to get sexually harassed by LeCI staff, and has not implemented a PREA system at LeCI. (*Id.*).

    c. Claims that Tabor allows staff to bring contraband, such as chewing tobacco, to LeCI, (*Id.*).

    d. Claims that Tabor allows his staff to assault prisoners and "cover[s] it up." (*Id.*).

    e. Claims that Tabor tampers with incoming legal mail by opening it without the recipient being present. (*Id.*).

    f. Claims that, on March 1, 2024, Defendant Tabor threatened to throw Plaintiff in the "hole" if he "doesn't stop complaining about his due process of law being violated." (*Id.*).

2. The second claim group includes:

    a. Claims against Defendant LeCI Inspector Tad Palmer for allegedly cutting off Plaintiff's grievance procedure on March 8, 2024. (Doc. 1-2 at 9–10).

    b. Claims against ODRC Chief Inspector Chris Lambert for allegedly approving Plaintiff being cut-off from grievance procedures. (*Id.*).

4

3. Claims against Defendant Johnny Nance for allegedly placing Plaintiff in handcuffs without justification on January 30, 2024, and cutting off Plaintiff's blood circulation. (Doc. 1-2 at 10).

4. Claims against Defendant LeCI Mental Health Supervisor Amber Stanley for allegedly denying Plaintiff and other prisoners adequate mental health treatment. (Doc. 1-2 at 10). Plaintiff alleges that Stanley improperly removes him from the mental health "caseload." (*Id*.). He also claims that "every time" he says that he is suicidal Stanley places him in "a condemned cell [with] below freezing temperatures with rats, roach[e]s and black mold[,] all while [he] is naked with no socks inside of a 1 piece turtle suit." (*Id*. at 10–11).

5. Claims against Defendants Prince Adomako and Diane Payne for allegedly improperly searching Plaintiff's cell at 3:00 a.m. on January 5, 2024, without their body cameras on; removing a water bag that they said was "hooch/liquor" without testing it; and falsely stating that Plaintiff "self-admitted." (Doc. 1-2 at 11). Without additional detail, Plaintiff alleges that they then retaliated against him by having Anthony Goodpaster, a Defendant in another civil rights case that Plaintiff has filed in this Court under Case No. 1:23-cv-806, hear the violation report. (*Id*. at 11–12). As a result of the conduct violation report, Plaintiff was allegedly placed on commissary restrictions. (*Id*. at 12). Plaintiff also appears to allege that Defendants Adomako and Payne have delivered his legal mail to other prisoners in violation of Ohio state law. (*Id*.).

6. Claims against Defendant Mail Supervisor Brian Holley for allegedly "approv[ing] of his employees violating Ohio law 51020-9-17 by opening up prisoner[s'] legal mail without

5

them being present[.]" (Doc. 1-2 at 13). Plaintiff also alleges that Holley "admitted" in a December 10, 2023 "kite" that "ODRC made their own policy[.]" (*Id*.).

7. Claims against Defendant LeCI teacher Tammy Shelton for allegedly retaliating against Plaintiff for filing Case No. 1:23-cv-806 by kicking Plaintiff out of class. (Doc. 1-2 at 13). Plaintiff alleges that Shelton would not let him miss class for "legal work, rest room, or programs but [she] allowed other prisoners to do so." (*Id*.). Plaintiff alleges that Shelton falsely stated that he had two absences even though she knew he had passes to other meaningful programs. (*Id*.).

8. Claims against Defendant Veronica Jackson for allegedly directing Defendant Corrections Officer Aaron Ertel to "kick plaintiff out of the school area" on February 29, 2024, by writing a fraudulent conduct violation against Plaintiff. (Doc. 1-2 at 14). As a result of the conduct violation, Plaintiff alleges that he was placed on twenty-one days of limited housing privileges (LPH), with no commissary or television privileges and with only thirty minutes per day out of his cell. (*Id.* at 14–15). Plaintiff also alleges that Ertel directed another corrections officer to search Plaintiff's cell and that, during the search, the officer found evidence Plaintiff was going to use in Case No. 1:23-cv-806. (*Id.* at 14).

9. Claims against Defendant Library and Education Supervisor Penelope Harless for allegedly improperly signing Plaintiff out of school while he was on LPH at the request of Defendant Shelton and in retaliation for his filing Case No. 1:23-cv-806. (Doc. 1-2 at 15).

10. This claim group includes:

6

    a. Claims against Defendant Sergeant Billy Turner, the sergeant in Plaintiff's housing unit, for allegedly finding Plaintiff guilty of fraudulent conduct violations and placing Plaintiff on six months of commissary restrictions and twenty-one days of LPH. (Doc. 1-2 at 15–16).

    b. Claims that, on March 7, 2024, Plaintiff was punched in the head and tackled by an unnamed inmate in the housing unit. (*Id*. at 16). According to Plaintiff, when he asked why he was being attacked, the inmate stated that "defendant want him dead[.]" (*Id*.). Plaintiff alleges that this is the same housing block in which another inmate, Marquise Weatherton, died in December 2023. (*Id.*). Plaintiff also alleges that he alerted housing unit staff that he feared for his safety but that nothing was done. (*Id.*).

11. Claims against Defendant Commissary Supervisor Lora Justice for allegedly implementing a restrictions list that violates Plaintiff's rights. Plaintiff alleges that at the time he filed this lawsuit he was serving a six-month restriction and was unable to "buy food . . . dish washing liquid, certain shampoo, [or] batteries to name a few." (Doc. 1-2 at 16).

12. Claims against ODRC Chief Inspector Chris Lambert for allegedly failing to resolve complaints, covering up for staff, and placing Plaintiff on grievance restriction. (Doc. 1-2 at 17).

13. Claims against ODRC Chief Inspector over Appeals Vencot Brown for allegedly failing to overturn false conduct violations and for "representing defendants who assaulted Plaintiff in [Ohio Small Claims Case No.][4] 2023-00441." (Doc. 1-2 at 17).

---

[4]*See Taper v. Branch , et al.,* Case No. 1:23-cv-806 (S.D Ohio) (Doc. 21 at 31–32). This Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969)); *National Union Fire*

14. Claims against Defendant Karen Stanforth for allegedly denying Plaintiff's request to see an outside dermatologist for a skin condition. (Doc. 1-2 at 18). Plaintiff claims that he continues to suffer from the skin condition. (*Id.*).

15. Claims against Defendant Prison Cashier Ron Watts for failing to provide Plaintiff with copies of his sixth-month account statement for purposes of filing his motion to proceed *in forma pauperis*. (Doc. 1-2 at 19).

For relief, Plaintiff seeks injunctive relief on behalf of himself and others, monetary damages, and for the Court to bring criminal charges against Defendants. (Doc. 1-2 at 8, 10).

**C. Discussion**

Plaintiff's Complaint involves claims that arise out of separate incidents and involve different Defendants and issues. A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); see *also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

"[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice." *Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018); *see also Harris v. Erdos*, No. 1:21-CV-104, 2022 WL 3053496,

---

*Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

at *7 (S.D. Ohio Aug. 3, 2022). Under Federal Rule of Civil Procedure 21, courts have "broad discretion 'to order severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp.2d 743, 781 (E.D. Mich. 2009) (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, *3 (E.D. Mich. 2007)) (alteration in original). Further, to avoid any prejudice to the plaintiff, an order severing and dismissing unrelated claims "is to operate as a severance and subsequent dismissal" of the severed claims, "thereby tolling the statute of limitations as to those claims." *Harris*, 2022 WL 3053496, at *7.

The Court looks to a plaintiff's "first set of factual allegations in determining which portion of the action should be considered related." *Conley v. Hess,* No. 1:20-CV-168, 2020 WL 2393759, at *4 (W.D. Mich. May 12, 2020). Here, Plaintiff's first allegations relate to Defendant Tabor's unspecified threats and intimidation of Plaintiff (Claim 1(a)); failure to allow Plaintiff to file PREA complaints or to protect him from alleged sexual harassment from LeCI staff (Claim 1(b)); failure to prevent staff from bringing contraband, such as chewing tobacco, to the prison (Claim 1(c)); failure to protect inmates from assaults by prison staff and covering up the alleged assaults (Claim 1(d)); tampering with prisoner legal mail (Claim 1(e)); and March 1, 2024 threat to put Plaintiff in the "hole" if he continued to file grievances (Claim 1(f)). (Doc. 1-2 at 9).

"Plaintiff may also join his claims against other parties to the extent those claims arise out of the same transaction or occurrence and present questions of law or fact common to all." *Atkins v. Dawdy*, No. 2:22-CV-150, 2022 WL 4233274, at *4 (W.D. Mich. Sept. 14, 2022). Examining Plaintiff's claims in the order they are pleaded, *see Conley*, 2020 WL 2393759, at *4, Plaintiff does not allege any claims against other Defendants arising out of his generalized "threats and intimidation" claim against Tabor (Claim 1(a)). Nor does he allege any other claims arising out

9

of his PREA, sexual harassment, or contraband claims. (Claim 1(b), (c)). Construing the Complaint liberally, however, Plaintiff alleges Eighth Amendment excessive-force and/or failure-to-protect claims against Defendants Johnny Nance (Claim 3) and Billy Turner (Claim 10(b)) that are arguably properly joined with Plaintiff's claim that Defendant Tabor fails to protect inmates from assaults by prison staff and covers up the alleged assaults (Claim 1(d)). Under the same liberal construction principles, the Court also finds that Plaintiff raises grievance claims against Defendants Tad Palmer (Claim 2(a)), Chris Lambert (Claims 2(b); 12), and Vencot Brown (Claim 13) that are arguably related to Plaintiff's "cover-up" subclaim in Claim 1(d).

There is no factual overlap, however, with the above claims and Plaintiff's remaining claims against Defendants Amber Stanley (Claim 4); Prince Adomako and Diane Payne (Claim 5); Brian Holley (Claim 6); Tammy Shelton (Claim 7); Veronica Jackson and Aaron Ertel (Claim 8); Penelope Harless (Claim 9); Lora Justice (Claim 11); Karen Stanforth (Claim 14); Ron Watts (Claim 15); or his "false conduct violation" claim against Defendant Turner (Claim 10(a)).[5]

At this stage in the proceedings, without the benefit of briefing by the parties, the undersigned concludes that Plaintiff may **PROCEED** at this juncture for further development with his allegations that Defendant Tabor threatened to put Plaintiff in the "hole" if he continued to file grievances (Claim 1(f)), which the Court understands to be a First Amendment retaliation claim; his Eighth Amendment excessive-force claim against Defendant Nance (Claim 3); and his Eighth Amendment excessive-force and/or failure-to protect claim against Defendant Billy Turner (Claim 10(b)).[6] It also appears that Plaintiff seeks to pursue state-law claims against these Defendants for

---

[5] Even if Claim 10(a) could be properly brought in this case under Federal Rule of Civil Procedure 18, the Court nonetheless finds that it is properly severed under Federal Rule of Civil Procedure 21, given the absence of a factual overlap with Claims 1(a)–(f); 2(a), (b); 3; 10(b); 12–13. *See Proctor*, 661 F. Supp.2d at 781.

[6] The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-CV-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

fraud, fraudulent misrepresentation, tampering with evidence, and/or battery. (*See* Doc. 1-2 at 9–10, 16). The Court has not yet determined whether it will exercise supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367. Out of an abundance of caution, and in light of Plaintiff's *pro se* status, the Court will not *sua sponte* dismiss Plaintiff's state-law claims against Defendants Tabor, Nance, or Turner. The Court will determine at a later stage in the proceedings whether the exercise of supplemental jurisdiction over the state-law claims is appropriate. For the reasons set forth below, however, the remainder of Plaintiff's related claims (Claims 1(a)-(e)); 2(a), (b); 12; 13) should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.[7]

Further, Plaintiff's unrelated claims against Defendants Stanley, Adomako, Payne, Holley, Shelton, Jackson, Ertel, Harless, Justice, Stanforth, and Watts (Claims 4–9; 11; 14–15); any state-law civil claims pleaded against these Defendants; and his unrelated "false conduct violation" claim against Defendant Turner (Claim 10(a)) should be **DISMISSED without prejudice** to Plaintiff re-filing a separate action or actions asserting these claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21.

To the extent that Plaintiff seeks relief under § 1983 on behalf of other inmates (*see, e.g.,* Doc. 1-2 at 9), he lacks standing to do so. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989).

Next, the Complaint should be dismissed as to Defendants Tabor, Nance, and Turner in their official capacities to the extent Plaintiff seeks money damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth.*

---

[7] In his Complaint, Plaintiff also requests the Court to criminally prosecute Defendants. (Doc. 1-2 at 7). Plaintiff cannot compel a criminal prosecution because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *See Diamond v. Charles*, 476 U.S. 54, 64–65 (1986). Such claims should therefore be dismissed.

*v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, Defendants Tabor, Nance, and Turner are immune from suit in their official capacities to the extent Plaintiff seeks money damages.

Additionally, although the Court is permitting Plaintiff to proceed with his First Amendment retaliation claim against Tabor (Claim 1(f)), Plaintiff's more generalized threats and intimidation allegations in Claim 1(a) are subject to dismissal. Plaintiff states that he is bringing these allegations under the Eighth Amendment. (*See* Doc. 1-2 at 9). But "verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment." *Snelling v. Smith*, No. 1:16-cv-656, 2016 WL 6518264, at *6 (W.D. Mich. Nov. 3, 2016) (citing *Ivey*, 832 F.2d at 955). Claim 1(a) should therefore be dismissed.

Nor has Plaintiff stated a claim against Defendant Tabor in Claim 1(b). Plaintiff alleges that Tabor failed to adequately handle his PREA complaints and ignored sexual harassment complaints. (Doc. 1-2 at 9). As an initial matter, Plaintiff has not alleged any facts suggesting sexual harassment on the part of any LeCI staff member. Additionally, Plaintiff "has no independent cause of action for any [individual's] failure to comply with the [PREA]." *Beeman v. Heyns*, No. 1:16-cv-27, 2016 WL 1316771, at *12 n.4 (W.D. Mich. Apr. 5, 2016) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff." (quoting *Montgomery v. Harper*, No. 5:14-cv-P38R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014))). Moreover, "[t]he alleged denial of a grievance or failure to intervene fail[s] to state a claim" under § 1983. *Mann v. Mohr*, 802 F. App'x 871, 876 (6th Cir. 2020). Claim 1(b) should therefore be dismissed.

Plaintiff's claim against Defendant Tabor for allegedly failing to prevent staff from bringing contraband, such as chewing tobacco, to the prison (Claim 1(c)) also fails to state a claim. (*See* Doc. 1-2 at 9). The alleged violation of prison policy does not support a claim under § 1983. *See, e.g.*, *Pethtel v. State of Tenn. Dep't of Child. Servs.*, No. 3:10-cv-469, 2020 WL 6827791, at *8 (E.D. Tenn. Nov. 20, 2020) ("Plaintiffs cannot assert a § 1983 claim for violations of state policy or state law, as § 1983 only protects federally created rights."); *Wilkins v. Kawalski*, No. 1:20-CV-1057, 2021 WL 1015914, at *3 (W.D. Mich. Mar. 17, 2021) ("To the extent that Plaintiff raises a claim based on state policy or law, he is not entitled to relief under § 1983."). Claim 1(c) should therefore be dismissed.

Likewise, Plaintiff's claims that Defendant Investigator Tabor fails to protect inmates from assaults by prison staff and covers up the alleged assaults (Claim 1(d));[8] his claims against

---

[8] To the extent that Plaintiff brings claims that Defendants Nance and Turner used excessive force and/or failed to protect him, those claims are proceeding in their own right at this juncture for further development.

Defendant Palmer for placing him on grievance restriction (Claim 2(a)); and his claims against Defendants Lambert and Brown for failing to properly handle complaints and grievances or otherwise take corrective action (Claims 2(b); 12; 13) should be dismissed.

"Prison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Therefore, Plaintiff's claims that Defendants Tabor, Lambert, and Brown failed to investigate alleged incidents or take corrective action (Claims 1(d); 2(b); 12; 13) should be dismissed for failure to state a claim upon which relief may be granted.[9]

Further, "[c]ourts in this circuit have consistently upheld procedures which modify or restrict the ability of prisoners (who have been deemed abusive grievance filers) to file unfettered grievances." *Odom v. Helton*, No. CIV.A. 12-80, 2013 WL 4012889, at *7 (E.D. Ky. Aug. 6, 2013) (citing *Hartsfield v. Mayer*, No. 95-1411, 76 F.3d 378 (table), 1996 WL 43541, at *2 (6th Cir. Feb. 1, 1996) (unpublished order)). Additionally, "[t]he Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 WL 2106401, at *5 (W.D. Mich. May 6, 2015); *see also Moore v. Sergent*, 22 F. App'x 472, 474 (6th Cir. 2001) (upholding a pre-

---

[9]To the extent Plaintiff is dissatisfied with the results in Ohio Small Claims Case No. 2023-00441, his remedy lies in an appeal.

14

screening process for grievances, noting that "[a]s [the plaintiff] has not been prevented from continuing to file grievances, he has not been subjected to retaliation"). Accordingly, Plaintiff's claim that Defendant Palmer placed him on grievance restriction (Claim 2(a)) is insufficient to state a claim upon which relief may be granted and should be dismissed.

Finally, Plaintiff's conclusory claims against Defendant Tabor for alleged interference with legal mail (Claim 1(e)) should be dismissed. Plaintiff does not allege any facts showing that Tabor interfered with Plaintiff's mail. (*See* Doc. 1-2 at 9). What's more, Plaintiff cannot bring claims on behalf of other prisoners. *Newsom*, 888 F.2d at 381.

In sum, Plaintiff's Complaint, with the exception of his First Amendment retaliation claim against Defendant Tabor (Claim 1(f)); his Eighth Amendment excessive-force claim against Defendant Nance (Claim 3); his Eighth Amendment excessive-force and/or failure-to protect claim against Defendant Turner (Claim 10(b)); and his state-law claims for fraud, fraudulent misrepresentation, tampering with evidence, and/or battery against these Defendants (*see* Doc. 1-2 at 9–10, 16), should be **DISMISSED**.

II.     **Plaintiff's Motions to Amend Exhibits and for a Preliminary Injunction**

Plaintiff seeks to add exhibits to the Complaint relating to the denial of a state-court motion for judicial release at issue in Case No. 1:23-cv-806. (*See* Doc. 2 at 2, 4, 6, 9). Because Plaintiff seeks to add exhibits that are unrelated to the claims at issue in this case, Plaintiff's Motion to Amend Exhibits (Doc. 2) should be **DENIED.**

Next, Plaintiff seeks to enjoin Defendants from engaging in allegedly retaliatory behavior against him and subjecting him to allegedly unconstitutional conditions of confinement. (*See, e.g.,* Doc. 3). In determining whether to issue a preliminary injunction, this Court must balance the following factors:

> (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)).

The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848–49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

A preliminary injunction is not warranted in this case. The purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held—would not be served. *See Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991). The present status quo in this case is, according to Plaintiff, that he has suffered numerous violations of his constitutional rights. But the remedy Plaintiff presently seeks is more than an injunction maintaining the status quo. He seeks an Order from this Court requiring Defendants to transfer him to another institution and/or release him from custody. (Doc. 3 at 6). Such affirmative relief is beyond the scope and purpose of preliminary injunctive relief and, to the extent he seeks release, beyond the scope of 42 U.S.C § 1983. *See id.; Heck v. Humphry*, 512 U.S. 477 (1994). Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 3) should be **DENIED.**

### III. Conclusion

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS WITH PREJUDICE** Claims 1(a)–(e); 2(a), (b); and 12–13 for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2. The Court **SEVER** and **DISMISS** Plaintiff's unrelated claims against Defendants Stanley, Adomako, Payne, Holley, Shelton, Jackson, Ertel, Harless, Justice, Stanforth, and Watts (Claims 4–9; 11; 14–15); any state-law civil claims pleaded against these Defendants; and his unrelated "false conduct violation" claim against Defendant Turner (Claim 10(a)) **without prejudice**. Fed. R. Civ. P. 20(a)(2); 21. *See also Harris*, 2022 WL 3053496, at *7.

3. The Court **DENY** Plaintiff's Motion to Amend Exhibits. (Doc. 2).

4. The Court **DENY** Plaintiff's Motion for Preliminary Injunction. (Doc. 3).

**IT IS ORDERED THAT:**

1. The United States Marshal **SHALL** serve a copy of the Complaint, summons, the separate Order issued granting Plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon Defendants Tabor, Nance, and Turner as directed by Plaintiff.

2. Plaintiff **SHALL** serve upon Defendants or, if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff **SHALL** include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff **SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

4. Plaintiff is **ADVISED** that no further motions to amend will be entertained until the District Judge has ruled on the pending Order and Reports and Recommendation.

5. In accordance with footnote 1, the **Clerk of Court** is **DIRECTED** to separate the Complaint's duplicate pages (Doc. 1-2 at 21–32) and file them as Doc. 1-9, titled "Duplicate Pages of Complaint."

6. In accordance with footnote 3, the **CLERK OF COURT** is **DIRECTED** to update the docket in this case to add Vencot Brown as a named Defendant. (*See* Doc. 1-2 at 17).

## **PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: June 6, 2024

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE