**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOSHUA TAPER** | : | **Case No. 1:24-cv-159** |
| **Plaintiff,** | : | |
| **vs.** | : | **District Judge Jeffery P. Hopkins** **Magistrate Judge Kimberly A. Jolson** |
| **JON TABOR, et al.,** | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss (Doc. 13). The Undersigned **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Plaintiff, who is incarcerated at Lebanon Correctional Institution (LeCI), proceeds *pro se* in this action. In late 2023 and early 2024, he filed two lawsuits in this Court. (*See* Case Nos. 1:23-cv-806; 1:24-cv-159). In the first, *Taper v. Branch, et al.* ("*Taper I*"), Plaintiff brought claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights by employees at LeCI, the Hamilton County Justice Center, and the Hamilton County Court of Common Pleas. (Case No. 1:23-cv-806, Doc. 54 at 1). In June 2024, the Court dismissed that action wholesale. (*See id.* at 2; Doc. 62 (adopting Doc. 54)).

The second case, now before the Court on Defendants' Motion to Dismiss, was filed on March 25, 2024, and alleges constitutional violations that occurred at LeCI. (*See generally* Doc. 1-2). After conducting an initial screen under 28 U.S.C. § 1915(e)(2)(B), the Undersigned recommended that many of Plaintiff's claims be dismissed. (Doc. 5 at 8–10). That Report and Recommendation remains pending before the District Judge. (*See id.*).

But the Undersigned allowed Plaintiff to proceed against Defendants Tabor, Turner, and Nance based on three incidents that occurred at LeCI. (Doc. 5 at 10–11). First, Plaintiff alleges that on January 30, 2024, Defendant Nance put him in "metal handcuffs" that were excessively tight and cut off his "blood circulation." (Doc. 6 at 10). Plaintiff says this use of force was unjustified. (*Id.* ("Plaintiff didn't do nothing wrong to defendant or to anyone else to get put in hand [restraints].")). Second, on March 1, 2024, Defendant Tabor "called Plaintiff to the SCO office located in [a hallway at LeCI]." (*Id.* at 9). Once there, Defendant Tabor "threaten[ed]" Plaintiff that "if he [didn't] stop complaining about his due process of law being violated," he would "put [P]laintiff in the hole." (*Id.*). Third, Plaintiff says another LeCI prisoner assaulted him on March 7, 2024. (*Id.* at 16). When Plaintiff asked why he was attacked, the prisoner allegedly said that Defendant Turner wanted Plaintiff "dead." (*Id.*). Based upon these allegations, the Undersigned allowed Plaintiff to proceed with an Eighth Amendment excessive force claim against Defendant Nance; a First Amendment retaliation claim against Defendant Tabor; and an Eighth Amendment excessive force/failure-to-protect claim against Defendant Turner. (Doc. 5 at 10–11).

On August 19, 2024, Defendants filed the instant Motion to dismiss the case. (Doc. 13). The matter is fully briefed and ready for review. (Docs. 13, 15, 16).

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the Complaint in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not enough. *Id*. (quoting *Twombly*, 550 U.S. at 555). While the Court holds *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," the Complaint must still "contain either direct or inferential allegations respecting all the material elements" of Plaintiff's claims to survive a motion to dismiss. *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (internal quotations omitted). In sum, although *pro se* complaints are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

At the outset, the Court notes that Defendants Tabor and Turner challenge claims that are not currently proceeding in this case. In a previous Report and Recommendation, the Undersigned recommended dismissing claims based on allegations that Defendant Tabor allowed Plaintiff to be sexually harassed by staff, permitted staff to assault other prisoners, brought contraband into LeCI, and tampered with legal mail for failure to state a claim upon which relief could be granted. (Doc. 5 at 12–15). Similarly, the Undersigned recommended severing and dismissing Plaintiff's "'false conduct violation' claim" against Defendant Turner. (Doc. 5 at 8–11). Now, Defendants move to dismiss these claims for pleading deficiencies. (Doc. 13 at 9, 11–12). But since the Undersigned has already recommended dismissing these claims, the Undersigned need not address them again. Instead, the District Judge will address them in due course.

Next, Defendants contend that the doctrine of res judicata bars Plaintiff's claims and that his claims against Defendants Tabor and Nance are insufficiently pled. (*See generally* Doc. 13).

Notably, Defendant Turner does not challenge Plaintiff's Eighth Amendment excessive force and/or failure-to-protect claim against him. (Doc. 5 at 10 (allowing this claim to proceed); Doc. 13 at 11–12 (discussing only the false conduct violation allegations); Doc. 16 at 4 (wrongly stating Plaintiff did not raise the Eighth Amendment claim in his Complaint)).

**A. Res Judicata**

Defendants assert that Plaintiff should have brought his claims in *Taper I*, so the doctrine of res judicata now bars the case. (Doc. 13 at 4–7). "The doctrine of res judicata . . . provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *Pram Nguyen ex rel. U.S. v. City of Cleveland*, 534 F. App'x 445, 451 (6th Cir. 2013) (quoting *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013)). But for res judicata to apply, the causes of action must share an identity, meaning there must be factual overlap between the claims. *Heike v. Central Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 483 (6th Cir. 2014) (stating that an "identity of the causes of action" exists where the "facts and events creating the right of action and the evidence necessary to share each claim are the same").

Because this action and *Taper I* have little in common, Defendants' res judicata arguments are easily rejected. In both cases, Plaintiff alleges violations of his constitutional rights. (*See generally* Case No. 1:23-cv-806, Doc. 21 (Amended Complaint); Case No. 1:24-cv-159, Doc. 6 (Complaint)). But the similarities end there. The cases share no defendants or underlying events. For instance, the incidents underlying this case occurred after Plaintiff filed *Taper I*. (*See* Case No. 1:23-cv-806 (filed on December 11, 2023); Case No. 1:24-cv-159, Doc. 5 (allowing claims to proceed based on events that occurred in early 2024)). Further, the Court found that the claims properly raised in *Taper I* concerned Plaintiff's 2023 motion for judicial release. (Case No. 1:23-

cv-806, Doc. 54 at 11–13). Here, Plaintiff's allegations are unrelated to those proceedings. (*See* Doc. 5 at 10–11). Because the claims have different factual bases, the same evidence could not be used to prove Plaintiff's claims in both cases. *See Westwood Chem. Co., Inc.*, 656 F.2d at 1227. Defendants do not say otherwise. (Doc. 13 at 4–7; Doc. 16 at 5). Consequently, Plaintiff's claims against Defendants Tabor, Turner, and Nance are not barred by res judicata and were properly brought in this action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits[.]"). Defendants' Motion on this basis should be **DENIED**.

**B. Pleading Sufficiency**

Beyond res judicata, Defendants say Plaintiff has not plead certain claims well enough to survive a motion to dismiss.

*1. Defendant Tabor*

As stated, Plaintiff proceeds against Defendant Tabor on one claim, a First Amendment retaliation claim based on his allegation that on March 1, 2024, Tabor "threatened to throw Plaintiff in the 'hole' if he '[didn't] stop complaining about his due process of law being violated.'" (Doc. 5 at 4, 10–11). To prove a First Amendment retaliation claim, a prisoner must establish that "(1) he engaged in protected conduct, (2) the defendant took an adverse action . . . capable of deterring a person of 'ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by the prisoner's conduct.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999)) (cleaned up).

Defendant Tabor challenges only whether Plaintiff adequately pleads an adverse action. (Doc. 13 at 10). According to Defendant Tabor, a "threat to do harm in order to interfere with

plaintiff's constitutional rights does not in itself give rise to a constitutional violation" and is not enough to establish the second element of a retaliation claim. (*Id.* (citing *Sales v. Smith*, No. 2:11-cv-239, 2012 WL 5389675 (S.D. Ohio Nov. 2, 2012) (referencing an unpublished Sixth Circuit opinion))). But he is wrong.

Sixth Circuit precedent is clear that "[a]ctual deterrence need not be shown" for a First Amendment retaliation claim to succeed. *Hill*, 630 F.3d at 472 (internal quotation and emphasis in original omitted). Instead, threats alone are enough to establish an adverse action took place as long as the threats are not "*de minimis*" or "inconsequential." *See Thaddeus-X*, 175 F.3d at 398–99; *Hill*, 630 F.3d at 472–73 ("Even the threat of an adverse action can satisfy this element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct."). Relevant here, courts have found that threats to transfer a prisoner to administrative segregation or more restrictive housing are enough to deter a person of ordinary fitness from engaging in protected conduct. *See Thaddeus-X*, 175 F.3d at 398; *Maben v. Shaheen*, No. 17-10817, 2018 WL 3298076, at *5 (E.D. Mich. Jan. 31, 2018) (saying that the threat of a transfer to "a more restrictive living environment with fewer privileges (e.g. a segregation unit)" could rise to the level of an adverse action), *report and recommendation adopted*, No. 17-cv-10817, 2018 WL 1391540 (E.D. Mich. Mar. 20, 2018); *Sumpter-Bey v. Weatherford*, No. 3:11-cv-130, 2011 WL 3475500, at *5 (M.D. Tenn. Aug. 9, 2011) (same), *report and recommendation adopted*, No. 3:11-cv-130, 2011 WL 3841845 (M.D. Tenn. Aug. 30, 2011).

Construing Plaintiff's complaint liberally, as the Court must, that is precisely what Plaintiff alleges here. He says that Defendant Tabor threatened to put him "in the hole" if he did not stop filing grievances. (Doc. 5 at 10; Doc. 6 at 9). These allegations, while not incredibly detailed, are not *de minimis*; instead, they are enough at the pleadings stage. *Kennedy v. Bonneville*, 413 F.

App'x 836, 840 (6th Cir. 2011) ("[I]n general, the adverseness question should survive the pleading stage.") (citing *Bell v. Johnson*, 308 F.3d 954, 603–04 (6th Cir. 2002)). Accordingly, the Undersigned **RECOMMENDS** that Defendants' Motion to dismiss the First Amendment claim against Defendant Tabor be **DENIED**.

*2. Defendant Nance*

Lastly, the Court turns to Plaintiff's Eighth Amendment excessive force claim against Defendant Nance. To prove an Eighth Amendment excessive force claim, a prisoner must establish both a subjective and an objective component. *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). The subjective component focuses "on the state of mind of the prison officials" and examines "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson*, 503 U.S. at 6). The objective component requires the pain inflicted on the prisoner to be "sufficiently serious," although this factor is not dispositive. *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). While the use of force need not be severe, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (internal quotation and quotation marks omitted). So, "[a]n inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.* Yet courts' focus must remain on the reasonability of the force used. "[W]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated[,] whether or not significant injury is evident." *Williams*, 631 F.3d at 383 (internal quotation omitted).

Here, Defendant Nance contends that Plaintiff's allegations fail under both components. (Doc. 13 at 10–11). The Undersigned agrees. Starting with the subjective prong, Plaintiff says that Defendant Nance's use of handcuffs cut off his blood circulation and that this use of force was unwarranted. (*Id.*). But importantly, Plaintiff does not allege that he informed Defendant Nance that he was in pain. (*Id.*). Nor does he state any other facts that would allow the Undersigned to conclude that Defendant Nance was aware of the excessive tightness of the handcuffs. As a result, the Court cannot say Plaintiff has alleged enough for the subjective component of his Eighth Amendment excessive force claim. *See Matthews v. Copeland*, 286 F.Supp.3d 912, 918 (M.D. Tenn. 2017) (granting summary judgment to defendants where the prisoner said he asked for his handcuffs to be loosened only once); *McDougald v. Erdos*, No. 1:17-cv-464, 2018 WL 2388400, at *4 (S.D. Ohio May 25, 2018) (finding a prisoner failed to state an Eighth Amendment claim where he did not allege that he informed defendants the handcuffs were excessively tight), *report and recommendation adopted*, No. 1:17-cv-464, 2018 WL 4573287 (S.D. Ohio Sept. 25, 2018).

Plaintiff's allegations are also insufficient for the objective component. Plaintiff says the handcuffs cut off his "blood circulation," but pleads no other injuries resulting from Defendant Nance's actions. (Doc. 6 at 10; *see also* Doc. 15 at 3 (stating that the handcuffs were "extremely tight" and caused "bodily injury" but providing not details)). The Undersigned cannot conclude that these allegations are more serious than a "push or shove" or rise to the level of a constitutional violation. *Wilkins*, 559 U.S. at 38 ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." (internal quotation and quotation marks omitted)). Indeed, under similar facts, courts have concluded that such allegations are too *de minimis* and fail as a matter of law. *See, e.g.*, *Jones Bey v. Johnson*, 248 F. App'x 675, 677–78 (6th Cir. 2007) (holding that allegations that a prisoner's "hands were cuffed

too tightly and mashed against the food slot on his cell" failed to satisfy the objective component); *Grzelak v. Washington*, No. 1:19-cv-1003, 2020 WL 289229, at *2–3 (W.D. Mich. Jan. 21, 2020) (finding a prisoner's allegations that he was handcuffed for three hours did not violate the Eighth Amendment because, in part, he did not allege "he suffered any ill-effects"); *Matthews*, 286 F.Supp.3d at 918–919 (finding that ankle swelling, lacerations, and cuts from handcuffs were not enough to establish the objective component of an Eighth Amendment excessive force claim). Therefore, the Undersigned **RECOMMENDS** that Defendants' Motion to dismiss this claim be **GRANTED**.

One last point. In his response to Defendants' Motion, Plaintiff argues that Defendant Nance should be held liable for battery under state law. (Doc. 15 at 3–4). Previously, the Court declined to determine whether it would exercise supplemental jurisdiction over Plaintiff's state law claims. (Doc. 5 at 11 (citing 28 U.S.C. § 1367)). Yet now, the Undersigned recommends that Plaintiff's Section 1983 claim against Defendant Nance be dismissed. Given that no federal questions remain, Plaintiff's state law claims against Defendant Nance should be **DISMISSED** as well. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) ("Generally, if the federal claims are dismissed before trial, the state law claims should be dismissed as well." (cleaned up and internal quotation omitted)).

## IV. CONCLUSION

The Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. 13) be **GRANTED in part** and **DENIED in part**. Specifically, the Undersigned **RECOMMENDS**:

- Defendants' Motion as it relates to Plaintiff's claims against Defendants Tabor and

Turner be **DENIED**;

- Defendants' Motion as it relates to Section 1983 and state-law claims against Defendant Nance be **GRANTED**, and Defendant Nance be **DISMISSED** from this action.

Date: October 28, 2024

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).