IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSHUA TAPER, | : |
| *Plaintiff*, | : Case No. 1:24-cv-159 |
| vs. | : Judge Jeffery P. Hopkins |
| JON TABOR, *et al.*, | : |
| *Defendants*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Kimberly A. Jolson on August 7, 2025. Doc. 36. The Magistrate Judge recommends that Defendants' Motion for Summary Judgment (Doc. 23) be granted and that Plaintiff's Motions to Dismiss (Docs. 27, 30) be denied. Plaintiff has filed objections (Doc. 37).

**I.    LAW AND ANALYSIS**

A district judge must review de novo any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Importantly, however, review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). This means that general or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In this action, Plaintiff asks the Court to voluntarily dismiss his case without prejudice. Under the circumstances, however, the Magistrate Judge concluded in the Report and Recommendation that Plaintiff has not diligently pursued this action, and that, at this late stage in the proceeding, a finding of voluntary dismissal without prejudice is inappropriate. Doc. 36, PageID 660–61. Plaintiff does not appear to contest this conclusion in his objections. Instead, he focuses on Defendants' Motion for Summary Judgment. Rather than address the substance of the Magistrate Judge's findings in the Report and Recommendation, however, Plaintiff simply argues that he was unable to respond in a timely manner because his mail was being sent to the incorrect facility. Doc. 37, PageID 668. He also contends that he has limited access to the law library, which impaired his ability to litigate against Defendants' summary judgment motion. *Id.*

Construing Plaintiff's objections in the broadest terms, the Court cannot discern *specific* objections to the Magistrate Judge's findings in the Report and Recommendation. Thus, Plaintiff has forfeited his ability for de novo review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court acknowledges that Plaintiff did file a response to Defendants' summary judgment motion. *See* Doc. 35. However, the Magistrate Judge found that Plaintiff failed to respond to ample evidence that Defendants provided showing that Plaintiff has failed to exhaust his administrative remedies. Thus, the Magistrate Judge concluded that no genuine issue of fact remains on the issue of exhaustion. This Court can find no reason to disturb the conclusions reached by the Magistrate Judge in the Report and Recommendation. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation"); *see e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022). At the end of the day, the Magistrate Judge recommends that this case be dismissed without prejudice. Ironically, that was Plaintiff's ultimate goal in asking for a voluntary dismissal of this action.

For these reasons, the Report and Recommendation (Doc. 36) is **ADOPTED** in its entirety. Plaintiff's Motions to Dismiss (Docs. 27, 30) are **DENIED**, and Defendants' Motion for Summary Judgment (Doc. 23) is **GRANTED**. Accordingly, this case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

December 11, 2025

Jeffery P. Hopkins
United States District Judge

3